NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10620 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00206-KJM-1 |
| v. | |
| KIRBY ALLEN REYNOLDS, a.k.a. Kirby Alan Reynolds, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 12, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Kirby Allen Reynolds appeals from the district court's judgment and

challenges the 63-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reynolds contends that the category VI criminal history substantially over-represented his criminal history and that the district court therefore abused its discretion by failing to depart under U.S.S.G. § 4A1.3(b)(1) or vary downwards. When a district court makes a decision regarding whether to depart under U.S.S.G. § 4A1.3, we do not determine whether the court correctly applied § 4A1.3, but instead determine whether the ultimate sentence was substantively reasonable. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011); *see also United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir. 2006). We review the sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court did not abuse its discretion in imposing the 63-month sentence. The sentence is not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, such as the appellant's extensive criminal history, including two prior state convictions for being a felon in possession of a firearm, and the need to provide deterrence and promote respect for the law. *See id.*

**AFFIRMED**.